I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _October 27 2008_

_Melissa Cody_

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRENT ADLER, | Case No. CV 08-06570 VAP (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED; AND ORDER DENYING MOTION FOR STAY AND ABEYANCE AS MOOT** |
| v. | |
| GONZALEZ, WARDEN, | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a Petition for a writ of habeas corpus  brought by Brent Adler ("Petitioner"), a state prisoner proceeding *pro se*.  The Petition is brought pursuant to 28 U.S.C. § 2254 that challenges an adverse prison disciplinary decision. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

///

# II. DISCUSSION

## A.    Standard of Review

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[, 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2566, 2569 (2005). The discrete Rules include Habeas Rule 2(c), which imposes a "more demanding" pleading standard than the notice pleading used for complaints in ordinary civil cases. *Id.* at 655. Under Habeas Rule 2(c), a petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[; . . . and] the petition is expected to state facts that point to a real possibility of constitutional error." *Id.* In *Felix*, the United States Supreme Court further emphasized that:

> [a] prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas [] Rule 4, if "it plainly appears from the petition ...that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Id.* at 656. The Advisory Committee Notes to Habeas Rule 4 expressly provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption).

An untimely habeas petition may be dismissed *sua sponte* as long as the district court gives the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). This Order to Show Cause ("OSC")

1   serves as adequate notice, and Petitioner's opportunity to file objections to the OSC
2   constitutes a reasonable opportunity to respond.

3   **B.    Motion for Stay and Abeyance**

4          On October 7, 2008, Petitioner filed his original Petition presenting two claims
5   for relief challenging the disciplinary board's decision concurrently with a Motion for
6   Stay and Abeyance of the Petition ("Motion"). The Motion seeks a stay of the pending
7   proceeding in order to allow Petitioner to exhaust four additional claims relating to the
8   board's adverse decision in the California Supreme Court.  On October 1, 2008, the
9   California Supreme Court summarily denied his habeas petition of the four
10  unexhausted claims.    (No. S165211; Official records of California courts[1]).
11  Subsequently, on October 17, 2008, Petitioner filed his First Amended Petition
12  ("FAP")[2] that included all six claims.  Accordingly, Petitioner's Motion is denied as
13  moot.

14  **C.    Statute of Limitations**

15         The Petition is governed by the Antiterrorism and Effective Death Penalty Act
16  of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state
17

18  _____

19  [1]   The Court takes judicial notice of Petitioner's records in the state trial and
    appellate   courts,   which   are   available   on   the   Internet   at   www.co.san-
20  bernardino.ca.us/courts/ and http://appellatecases.courtinfo.ca.gov.  *See Smith v.*
    *Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of
21  relevant state court records in federal habeas proceedings).

22  [2]       Petitioner's FAP is properly submitted under Federal Rule of Civil
23  Procedure 15(a), which states in pertinent part, "[a] party may amend its pleading once
24  as a matter of course . . . before being served with a responsive pleading." *See* Fed.
    R. Civ. P. 15(a); *see also Felix*, 545 U.S. at 645 (" Habeas Corpus Rule 11 permits
25  application of the Federal Rules of Civil procedure in habeas cases 'to the extent [civil
26  rules] are not inconsistent with any statutory provisions or [the habeas] rules.'")
    However, as further discussed below, for purposes of the following timeliness
27  analysis, the Court will refer only to the original Petition. (Section II.C.n3.)
28

1  prisoners to file a habeas petition in federal court, because the Petition was filed after

2  April 24, 1996, AEDPA's enactment date.  28 U.S.C. § 2244(d)(1); *see Lindh v.*

3  *Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997); *Jeffries v. Wood*, 114 F.3d

4  1484, 1498 (9th Cir. 1997) (en banc).  In relevant part, § 2244(d)(1) provides:

5                  A 1-year period of limitation shall apply to an application

6                  for a writ of habeas corpus by a person in custody pursuant

7                  to the judgment of a State court.  The limitation period shall

8                  run from the latest of --

9                          (A) the date on which the judgment became

10                         final by the conclusion of direct review or the

11                         expiration of the time for seeking such review;

12                         ... or

13                         (D) the date on which the factual predicate of

14                         the claim or claims presented could have been

15                         discovered through the exercise of due

16                         diligence.

17         Where, as here, the petition contests an adverse administrative decision of a

18  prison disciplinary proceeding rather than a state court judgment, § 2244's one-year

19  limitation period still applies and the date the statute of limitations begins to run is

20  determined under subparagraph (D) of § 2244(d)(1), *i.e.*, it is the date when the factual

21  predicate of the claim could have been discovered through the exercise of due

22  diligence, and in prison disciplinary cases that usually will be the date the

23  administrative decision becomes final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063-66

24  (9th Cir. 2004) (holding AEDPA's limitation period applies "even if the petition

25  challenges a pertinent administrative decision rather than a state court judgment," and

26  that the factual predicate under § 2244(d)(1)(D) is the date the state prisoner received

27  notice that his administrative appeal was denied); *see also Redd v. McGrath*, 343 F.3d

28  1077, 1079 (9th Cir. 2003) (limitations period began to run when parole board denied

1   prisoner's administrative appeal challenging the board's decision that he was

2   unsuitable for parole); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000)

3   (limitations period generally begins to run "when the prisoner knows (or through

4   diligence could discover) the important facts, not when the prisoner recognizes their

5   legal significance."). Subparagraph (A) of § 2244(d)(1) does not apply in prison

6   disciplinary proceedings cases because the decision constitutes an administrative

7   ruling, not a state court judgment. *Redd*, 343 F.3d at 1081-82; *Shelby*, 391 F.3d at

8   1066 (citing *Redd*'s holding that "§ 2244(d)(1)(D)-rather than subsection (A)-

9   [applies] to habeas petitions that challenge administrative bodies such as parole and

10  disciplinary boards.")

11          Moreover, the unanimous Ninth Circuit panel in *Redd* explained the date of the

12  factual predicate is determined "by inquiring when Redd could have learned of the

13  factual basis for his claim through the exercise of due diligence." *Id.* at 1082. In other

14  words, the "factual predicate" of the habeas claim is the administrative appeal board's

15  denial of the administrative appeal; it is not the denial of the state habeas petition. *Id.*

16  The Ninth Circuit concluded:

17                  We agree with the district court that the factual basis of

18                  Redd's habeas claims was the Board's denial of his

19                  administrative appeal on December 7, 1998. Redd does not

20                  dispute that he received notice of the Board's decision on

21                  December 7. The limitations period therefore began to run

22                  the following day.

23  *Id*; *see also Shelby*, 391 F.3d at 1066. The *Redd* panel further emphasized this is true

24  even though a petitioner's claim may technically still be unexhausted within the

25  meaning of AEDPA:

26                  We are sympathetic to the concern that under our

27                  construction of § 2244(d)(1)(D) the statute of limitations

28                  began running at a time when Redd could not have

Page 5

1    presented his claim in federal court because the claim had

2    not yet been exhausted.

3         AEDPA nonetheless clearly contemplates that for

4    habeas claims falling under § 2244(d)(1)(D), the statute of

5    limitations will begin to run before exhaustion of state

6    remedies and thus before the federal petition can be filed.

7                          * * * *

8         Thus, the date of the "factual predicate" for Redd's

9    claim under § 2244(d)(1)(D) is not determined by asking

10   when Redd satisfied AEDPA's exhaustion requirement;

11   rather, it is determined independently of the exhaustion

12   requirement by inquiring when Redd could have learned of

13   the factual basis for his claim through the exercise of due

14   diligence.  This occurred when the Board denied Redd's

15   administrative appeal.

16   *Redd*, 343 F.3d at 1082-84.

17        Petitioner's 602 inmate appeal of the disciplinary board's adverse decision

18   became final on July 7, 2006 -- the date of the Director's level denial. (FAP, Ex. O,

19   Q.)  Consequently, the factual predicate for Petitioner's pending claims challenging

20   the disciplinary board's adverse decision accrued on this date.  The limitation period

21   then started to run the next day, July 8, 2006, and ended a year later on July 7, 2007.

22   *Redd*, 343 F.3d at 1082; *Shelby*, 391 F.3d at 1066.

23        Petitioner missed the deadline because he did not sign and constructively file

24   the original Petition until August 12, 2008[3/] -- 402 days (over one year) after the

25   _____

26        [3/]   In light of *Redd*'s finding that AEDPA's statute of limitations analysis "is

27   determined independently of the exhaustion requirement" and "thus before the federal

     petition can be filed" (*Redd*, 343 F.3d at 1082), the Court's timeliness analysis is

28                                                              (continued...)

1  statute expired.  Therefore, the pending Petition is time-barred unless Petitioner is

2  entitled to statutory or equitable tolling.

3  **D.    Statutory Tolling**

4          AEDPA provides a statutory tolling provision that suspends the limitation

5  period for the time during which a "properly-filed" application for post-conviction or

6  other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Bonner v.*

7  *Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005).  An application is "pending" until it has

8  achieved final resolution through the state's post-conviction procedures.  *Carey v.*

9  *Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002).  The limitation period is not tolled

10  between the time a final decision is issued on direct state appeal and the time a state

11  collateral challenge is filed because there is no case "pending" during that interval.

12  *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003,

13  1006 (9th Cir. 1999).  On collateral review, however, "intervals between a lower court

14  decision and a filing of a new petition in a higher court," when reasonable, fall "within

15  the scope of the statutory word 'pending'" thus tolling the limitations period.  *Saffold*,

16  536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006)

17  (*citing Saffold*).

18  ///

19

20          [3]/    (...continued)

21  based on the date of the original Petition and the date Petitioner filed his FAP is of no

22  consequence for purposes of the timeliness analysis.

23          Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to
be filed on the date the prisoner delivers the petition to prison authorities for mailing

24  to the clerk.  *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar*
*v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also applies to *pro*

25  *se* state habeas petitions.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

26  As noted above, the original Petition was filed by the Clerk on October 7, 2008,
however, for purposes of the statute of limitations analysis, the Court gives Petitioner

27  the benefit of the doubt by assuming he constructively filed the original Petition on

28  August 12, 2008, the date he signed it.  (Pet. 8.)

1    A California prisoner must seek judicial review of an adverse prison
2  disciplinary board decision by filing a state habeas petition because California does
3  not provide for direct judicial review of adverse administrative decisions. *Redd*, 343
4  F.3d at 1079 (*citing In re Sturm*, 11 Cal. 3d 258, 113 Cal. Rptr. 361 (1974)).
5  Consistent with this principle, Petitioner sought judicial review of the prison
6  disciplinary board's adverse parole decision.

7    On April 23, 2007 -- 289 days after the one-year limitation period started to run
8  on July 8, 2006 -- Petitioner filed his first state habeas petition with the Superior Court
9  and, on June 21, 2007, the petition was denied, leaving 76 days remaining before the
10  limitation period expired. (FAP 4; No. HC9916A; Official records of California
11  courts.) Under AEDPA, Petitioner is not entitled to statutory tolling for this 289-day
12  period, because there was no case "pending" during this interval. *See Thorson*, 479
13  F.3d at 646; *Nino*, 183 F.3d at 1006.

14    Petitioner is entitled to statutory tolling from April 23, 2007, to June 21, 2007,
15  the period during which his first state habeas petition was pending and later denied in
16  the trial court. Given 59 days of statutory tolling, the limitation period was extended
17  from July 7, 2007, to September 4, 2007.

18    Petitioner then waited until October 24, 2007 -- another 125 days after the first
19  state habeas petition was denied on June 21, 2007, to file his second state habeas
20  petition with the court of appeal. (FAP 4; No. D051869; Official records of California
21  courts.) Based upon *Evans*, the Court finds this unexplained, unjustified 125-day
22  delay unreasonable under California law.

23    In *Evans*, the United States Supreme Court held that, in the absence of a clear
24  direction or explanation from the California Supreme Court as to what constitutes a
25  "reasonable time" (or the legislative enactment of a determinate time limit), federal
26  courts must conduct a case-by-case determination of whether the subject filing delay
27  "was made within what California would consider a 'reasonable time.'" *Evans*, 546
28  U.S. 198-99. The Supreme Court applied the foregoing principles and found "a totally

unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201.  The Supreme Court stated:

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted).  It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted).  We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'  Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*."

*Id.* Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In light of the Supreme Court's reasoning in *Evans*, and based on Petitioner's

1   failure to set forth in his Petition and attachments any facts or explanation for the

2   significant delay, this Court finds that Petitioner is not entitled to statutory tolling for

3   the unexplained and unjustified 125 day (over four months) delay between the denial

4   of his first state habeas petition and the filing of his second habeas petition.  It is

5   clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States

6   provide for filing an appeal to the state supreme court," and "far longer than the 10-

7   day period California gives a losing party to file a notice of appeal in the California

8   Supreme Court." *Evans*, 546 U.S. at 198 (finding no bright-line rule, but requires the

9   district court to conduct its own independent inquiry to determine whether the habeas

10  petition was filed within a "reasonable time"); *see also Contreras v. Curry*, No. C 07-

11  03774 SBA (PR), 2008 WL 4291473, at *4-5 (N. D. Cal. Sept. 18, 2008) (88 day delay

12  unreasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL

13  809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (same); *Livermore v. Watson*, 556 F. Supp.

14  2d 1112, 1117 (E.D. Cal. 2008) (78 day delay unreasonable);  *Hunt v. Felker*, No.

15  1:07-cv-01281-OWW-TAG HC, 2008 WL 364995, at *4 (E.D. Cal. Feb. 8, 2008) (70

16  day delay unreasonable); *Bridges v. Runnels*, No. CIV S-03-2338 RRB KJM P, 2007

17  WL 2695177, at *2 (E.D. Cal. Sept. 11, 2007) (76 day delay unreasonable).  As a

18  result, the Court finds the 125-day delay between his first and second state habeas

19  petitions far exceeded the 30 to 60 day period the Supreme Court used as a bench

20  mark in *Evans* and thus, constitutes an unreasonable delay.

21          Therefore, Petitioner is not entitled to statutory tolling for the period during

22  which his last two state habeas petitions were pending, and later denied in the

23  intermediate appellate courts because the petitions were filed after the new extended

24  statute of limitations period expired on September 4, 2007, and has no tolling

25  consequence.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

26  ("[S]ection 2254 does not permit the reinitiation of the limitations period that has

27  ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.

28  2001) (stating that filing of state petition after AEDPA's one-year time period has

1    elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

2    2000) ("A state-court petition [] that is filed following the expiration of the limitations

3    period cannot toll that period because there is no period remaining to be tolled").

4         Accordingly, the face of the original Petition and relevant state court records

5    establish that this Petition, constructively filed on August 12, 2008, is untimely by 343

6    days (the amount of untolled time between the extended limitation deadline (09/04/07)

7    and the original Petition's constructive filing date (08/12/08)).

8    **E.    Equitable Tolling**

9         As a prefatory matter, the Court observes there is no clearly established federal

10   law that expressly holds equitable tolling is available under § 2244(d)(1), and the

11   Supreme Court has recently acknowledged this point. *Lawrence v. Florida,* 549 U.S.

12   327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows

13   for equitable tolling. [ ] Because the parties agree that equitable tolling is available,

14   we assume without deciding that it is").

15        "Generally, a litigant seeking equitable tolling bears the burden of establishing

16   two elements: (1) that he has been pursuing his rights diligently, and (2) that some

17   extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408,

18   418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would

19   give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The

20   Ninth Circuit has emphasized that determinations of "whether there are grounds for

21   equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146,

22   1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the

23   threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

24   exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

25   The face of the original Petition, attachments, and exhibits do not set forth any facts

26   showing that Petitioner is entitled to relief under this provision.

27   ///

28   ///

1

# O R D E R

2      Based upon the foregoing, the Court finds the Petition, attachments, exhibits,

3 and relevant state court records indicate it is untimely.  Accordingly, Petitioner shall

4 have until **November 14, 2008**, to file a written response and show cause why his

5 Petition should not be dismissed with prejudice because it is time-barred.   In

6 responding to this Order, Petitioner must show by declaration and any exhibits what,

7 if any, factual or legal basis he has for claiming that the Court's foregoing analysis is

8 factually or legally incorrect, or that AEDPA's one-year statute of limitations should

9 be tolled, or the start date extended.  If Petitioner contends he is entitled to tolling

10 because of a lack of access to the prison law library due to a purported lockdown or

11 some other state-created impediment, his written response must be supported by a

12 declaration from the warden or prison librarian verifying that the law library and

13 library materials were unavailable throughout the relevant time period because of the

14 lockdown or other stated reason. Further, Petitioner must demonstrate that, during the

15 time that access to the prison law library was allegedly unavailable, he made requests

16 for legal materials to be brought to his cell and those requests were denied.

17      **Petitioner is warned that if a timely response to this Order is not made,**

18 **Petitioner will waive his right to do so and the Court will, without further notice,**

19 **issue an order dismissing the Petition, with prejudice, as time-barred.  Further,**

20 **if Petitioner determines the Court's above analysis is correct and the Petition is**

21 **clearly time-barred, he should file a Request For Voluntary Dismissal of this**

22 **action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

23

24      IT IS SO ORDERED.

25

26 DATED: October 24, 2008

27                                         ARTHUR NAKAZATO
                                          UNITED STATES MAGISTRATE JUDGE

28