FILED
CLERK, U.S. DISTRICT COURT

JAN 1 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10       WESTERN DIVISION

11

12  BRENT ADLER,                        )  Case No. CV 08-06570 VAP (AN)
                                        )
13              Petitioner,             )  **MEMORANDUM AND ORDER**
                                        )  **DISMISSING HABEAS PETITION**
14       v.                             )  **AS TIME-BARRED**
                                        )
15  GONZALEZ, WARDEN,                   )
                                        )
16              Respondent.             )
                                        )
17  _____)

18

19       Before the Court is a First Amended Petition for Writ of Habeas Corpus

20  ("FAP") brought pursuant to 28 U.S.C. § 2254 by Brent Adler ("Petitioner"), a state

21  prisoner proceeding *pro se*.  For the reasons discussed below, the FAP is dismissed

22  with prejudice because the Court finds it is time-barred.

23  ///

24  ///

25  ///

26

27

28

1

## I. BACKGROUND

2     The FAP challenges an adverse prison disciplinary decision.

3     On October 7, 2008, Petitioner filed his original petition that challenged the
4 same disciplinary decision on only two claims along with a motion for stay and
5 abeyance of the petition ("Motion"). The Motion sought to stay this proceeding so
6 Petitioner could exhaust four additional claims that he had recently presented to the
7 California Supreme Court in a habeas petition. On October 1, 2008, the state high
8 court summarily denied that habeas petition. (case no. S165211; Official records of
9 California courts[1]). Subsequently, on October 17, 2008, Petitioner filed his pending
10 FAP[2] that raises all six claims. Accordingly, this Court denied the Motion as moot.
11 (dkt #9.)

12     Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge
13 found the original Petition and relevant state court records plainly disclosed that this
14 action was barred by the one-year statute of limitations of the Anti-Terrorism and
15 Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A).
16 Accordingly, on October 24, 2008, the Magistrate Judge issued an order to show cause

17

18     [1]   The Court takes judicial notice of Petitioner's records in the state trial and
appellate courts, which are available on the Internet at www.co.san-
19 bernardino.ca.us/courts/ and http://appellatecases.courtinfo.ca.gov. *See Smith v.*
20 *Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of
relevant state court records in federal habeas proceedings).
21

22     [2]   Petitioner's FAP is properly submitted under Federal Rule of Civil
Procedure 15(a), which states in pertinent part, "[a] party may amend its pleading once
23 as a matter of course . . . before being served with a responsive pleading." *See* Fed.
24 R. Civ. P. 15(a); *see also Felix* v. Mayle, 545 U.S. 644, 645, 125 S. Ct. 2566 (2005)
("Habeas Corpus Rule 11 permits application of the Federal Rules of Civil procedure
25 in habeas cases 'to the extent [civil rules] are not inconsistent with any statutory
26 provisions or [the habeas] rules.'") However, as further discussed below, for purposes
of the following timeliness analysis, the Court will refer only to the filing date of the
27 original petition. (*See* footnote 4.)

28

1   that notified Petitioner the action appeared to be time-barred absent some other basis

2   for tolling or an alternative start to AEDPA's one-year limitation period under 28

3   U.S.C. § 2244(d)(1)(B)-(D). (*See* Oct. 24, 2008, Order to Show Cause Re Dismissal

4   of Habeas Petition As Time-barred ("OSC"); dkt #9.) The OSC discussed various

5   bases for tolling and directed Petitioner to show cause why the action was not time-

6   barred by filing a written response no later than November 14, 2008. (OSC 2-8.) The

7   OSC warned Petitioner that his failure to file a timely response to the OSC would

8   result in a waiver of his right to respond to the OSC, and that his Petition would be

9   dismissed with prejudice as time-barred without further notice. (OSC 8:6-20.)

10      On November 17, 2008, Petitioner filed a motion for an extension of time to file

11   a response to the OSC ("Motion"). On November 26, 2008, the Court granted the

12   Motion. (dkt. #11.) Petitioner was given until December 12, 2008, to file a response

13   to the OSC. (*Id.*) On December 11, 2008, Petitioner constructively filed his

14   "Objection" to the OSC. The matter now stands submitted.

15

16                              **II.  DISCUSSION**

17   **A.     Standard of Review**

18      Rule 4 of the Rules Governing Section 2254 Cases in the United States District

19   Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is

20   assigned" is required to examine the petition promptly and "[i]f it plainly appears from

21   the face of the petition and any exhibits annexed to it that the petitioner is not entitled

22   to relief in the district court, the judge shall make an order for its summary dismissal

23   and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides

24   "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus,

25   and if it plainly appears from the face of the petition and any exhibits annexed to it

26   that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed

27   order for summary dismissal and submit it and a proposed judgment to the District

28   Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed

1   *sua sponte* as long as the district court gives the petitioner adequate notice and an
2   opportunity to respond before doing so.  *Day v. McDonough*, 547 U.S. 198, 209-10,
3   126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).  The
4   OSC serves as adequate notice, and Petitioner's opportunity to file objections to the
5   OSC constitutes a reasonable opportunity to respond.

6   **B.     Statute of Limitations**

7         The Petition is governed by AEDPA, which establishes a one-year statute of
8   limitations for state prisoners to file a habeas petition in federal court, because the
9   Petition was filed after April 24, 1996, AEDPA's enactment date.  28 U.S.C. §
10  2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997);
11  *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997) (en banc).  In relevant part, §
12  2244(d)(1) provides:

13            A 1-year period of limitation shall apply to an application for a
14        writ of habeas corpus by a person in custody pursuant to the judgment of
15        a State court.  The limitation period shall run from the latest of --
16            (A) the date on which the judgment became final by the
17        conclusion of direct review or the expiration of the time for
18        seeking such review;
19            ... or
20            (D) the date on which the factual predicate of the claim or
21        claims presented could have been discovered through the
22        exercise of due diligence.

23        Where, as here, the petition contests an adverse administrative decision of a
24  prison disciplinary proceeding rather than a state court judgment,  § 2244's one-year
25  limitation period still applies and the date the statute of limitations begins to run is
26  determined under subparagraph (D) of § 2244(d)(1), *i.e.*, it is the date when the factual
27  predicate of the claim could have been discovered through the exercise of due
28  diligence, and in prison disciplinary cases that usually will be the date the

1  administrative decision becomes final. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063-66
2  (9th Cir. 2004) (holding AEDPA's limitation period applies "even if the petition
3  challenges a pertinent administrative decision rather than a state court judgment," and
4  that the factual predicate under § 2244(d)(1)(D) is the date the state prisoner received
5  notice that his administrative appeal was denied); *see also Redd v. McGrath*, 343 F.3d
6  1077, 1079 (9th Cir. 2003) (limitations period began to run when parole board denied
7  prisoner's administrative appeal challenging the board's decision that he was
8  unsuitable for parole); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000)
9  (limitations period generally begins to run "when the prisoner knows (or through
10 diligence could discover) the important facts, not when the prisoner recognizes their
11 legal significance."). Subparagraph (A) of § 2244(d)(1) does not apply in prison
12 disciplinary proceedings cases because the decision constitutes an administrative
13 ruling, not a state court judgment. *Redd*, 343 F.3d at 1081-82; *Shelby*, 391 F.3d at
14 1066 (citing *Redd*'s holding that "§ 2244(d)(1)(D)-rather than subsection (A)-
15 [applies] to habeas petitions that challenge administrative bodies such as parole and
16 disciplinary boards.")

17     Moreover, the unanimous Ninth Circuit panel in *Redd* explained the date of the
18 factual predicate is determined "by inquiring when Redd could have learned of the
19 factual basis for his claim through the exercise of due diligence." *Id.* at 1082. In other
20 words, the "factual predicate" of the habeas claim is the administrative appeal board's
21 denial of the administrative appeal; it is not the denial of the state habeas petition. *Id.*
22 The Ninth Circuit concluded:

23         We agree with the district court that the factual basis of Redd's
24     habeas claims was the Board's denial of his administrative appeal on
25     December 7, 1998. Redd does not dispute that he received notice of the
26     Board's decision on December 7. The limitations period therefore began
27     to run the following day.

28 *Id*; *see also Shelby*, 391 F.3d at 1066. The *Redd* panel further emphasized this is true

1  even though a petitioner's claim may technically still be unexhausted within the
2  meaning of AEDPA:

3    We are sympathetic to the concern that under our construction of
4    § 2244(d)(1)(D) the statute of limitations began running at a time when
5    Redd could not have presented his claim in federal court because the
6    claim had not yet been exhausted.

7    AEDPA nonetheless clearly contemplates that for habeas claims
8    falling under § 2244(d)(1)(D), the statute of limitations will begin to run
9    before exhaustion of state remedies and thus before the federal petition
10   can be filed.

11 *Redd*, 343 F.3d at 1082-84.

12   Petitioner's 602 inmate appeal of the disciplinary board's adverse decision
13 became final on July 7, 2006 -- the date of the Director's level denial. (FAP, Ex. O,
14 Q.) Consequently, the factual predicate for Petitioner's pending claims challenging
15 the disciplinary board's adverse decision accrued on this date. The limitation period
16 then started to run the next day, July 8, 2006, and ended a year later on July 9, 2007.[3]
17 *Redd*, 343 F.3d at 1082; *Shelby*, 391 F.3d at 1066.

18   Petitioner missed the deadline because he did not sign and constructively file
19 the original petition until August 12, 2008[4] -- 400 days (over one year) after the

20 _____

21   [3]   The 365th day fell on Saturday, July 7, 2007. *See* Fed. R. Civ. P. 6(a)(3).

22   [4]   In light of *Redd*'s finding that AEDPA's statute of limitations analysis "is
23 determined independently of the exhaustion requirement" and "thus before the federal
24 petition can be filed" (*Redd*, 343 F.3d at 1082), the Court's timeliness analysis is
   based on the date of the original petition and the date Petitioner filed his FAP is of no
25 consequence for purposes of the timeliness analysis.

26   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to
27 be filed on the date the prisoner delivers the petition to prison authorities for mailing
28                                                                      (continued...)

statute expired. Therefore, the pending FAP is time-barred unless Petitioner is entitled to statutory or equitable tolling.

## C.   Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

A California prisoner must seek judicial review of an adverse prison disciplinary board decision by filing a state habeas petition because California does not provide for direct judicial review of adverse administrative decisions. *Redd*, 343 F.3d at 1079 (*citing In re Sturm*, 11 Cal. 3d 258, 113 Cal. Rptr. 361 (1974)).

---

[4]/   (...continued)
to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). As noted above, the original Petition was filed by the Clerk on October 7, 2008, however, for purposes of the statute of limitations analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the original Petition on August 12, 2008, the date he signed it. (Pet. 8.)

1   Consistent with this principle, Petitioner sought judicial review of the prison
2   disciplinary board's adverse parole decision.

3       On April 23, 2007 -- 289 days after the one-year limitation period started to run
4   on July 8, 2006 -- Petitioner filed his first state habeas petition with the Superior Court
5   and, on June 21, 2007, the petition was denied, leaving 76 days remaining before the
6   limitation period expired. (FAP 4; Case No. HC9916A; Official records of California
7   courts.)  Under AEDPA, Petitioner is not entitled to statutory tolling for this 289-day
8   period, because there was no case "pending" during this interval. *See Thorson*, 479
9   F.3d at 646; *Nino*, 183 F.3d at 1006.

10      Petitioner is entitled to statutory tolling from April 23, 2007, to July 26, 2007,
11  the period during which his state habeas petitions were pending and later denied in
12  both the Superior Court and the Court of Appeal for the Fifth Appellate District ("Fifth
13  Appellate District").  (FAP 4; Objection 1; Case Nos. HC9916A, F053376; Official
14  records of California courts.)  Given 89 days of statutory tolling, the limitation period
15  was extended from July 9, 2007, to October 8, 2007 (the 89th day actually falls on
16  Saturday, October 6, 2007).

17      Petitioner then waited until October 24, 2007 -- another 90 days after his second
18  state habeas petition in the Fifth Appellate District was denied on July 26, 2007, to file
19  his third state habeas petition with the Court of Appeal for the Fourth Appellate
20  District ("Fourth Appellate District").  (FAP 4; Objection 1; Case No. D051869;
21  Official records of California courts.)[5/]

22      In *Evans*, the United States Supreme Court held that, in the absence of a clear
23  direction or explanation from the California Supreme Court as to what constitutes a
24  "reasonable time" (or the legislative enactment of a determinate time limit), federal

25

26  _____

27      [5/]   The Fifth Appellate District denied Petitioner's habeas petition "without
    prejudice to [P]etitioner filing a new petition in the appropriate court in the Fourth
28  Appellate District." (Objection 1; Official records of California courts.)

courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider a 'reasonable time.'" *Evans*, 546 U.S. 198-99. The Supreme Court applied the foregoing principles and found "a totally unexplained, hence unjustified" period of at least six months filing delay to be unreasonable under California law. *Id.* at 201. The Supreme Court stated:

> [s]ix months . . . is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. (citation omitted). It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court (citation omitted). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*."

*Id.* Additionally, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

*Id.* at 199-200 (*citing Saffold*, 536 U.S. at 222-23); *see also* Cal. R. Ct. 28(e)(1) (allowing only ten days to file a petition for review of a decision by the court of appeal, including habeas corpus decisions.)

In his Objection, Petitioner argues he is entitled to tolling for his 90-day delay. (Objection 1-2.) Petitioner makes an effort to show his 90-day filing delay was

justified by explaining he did not have access to the prison law library or legal materials during this period. (*Id.* at 1:14-24.) At the outset, the allegations are, at best, conclusory and vague. Significantly, during this relevant period, Petitioner fails to explain why he required additional access to the law library when he already had all the necessary and required information in his petition filed in the Fifth Appellate District. Indeed, after the Fifth Appellate District denied his petition without prejudice and expressly directed Petitioner to file "in the appropriate court in the Fourth Appellate District," Petitioner simply could have used the same, if not the exact, information to submit a new petition in the Fourth Appellate District without requiring additional access to the prison law library.

In light of the Supreme Court's reasoning in *Evans*, and based on Petitioner's failure to provide a reasonable explanation for the significant delay, this Court finds Petitioner is not entitled to statutory tolling for the unexplained and unjustified 90-day delay between the denial of his second state habeas petition and the filing of his third habeas petition both in the court of appeal. It is clearly "longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court," and "far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court." *Evans*, 546 U.S. at 198 (finding no bright-line rule, but requires the district court to conduct its own independent inquiry to determine whether the habeas petition was filed within a "reasonable time"); *see also Contreras v. Curry*, No. C 07-03774 SBA (PR), 2008 WL 4291473, at *4-5 (N. D. Cal. Sept. 18, 2008) (88 day delay unreasonable); *Forrister v. Woodford*, No. 1:05-CV-00170 LJO WMW HC, 2007 WL 809991, at *2-3 (E.D. Cal. Mar. 15, 2007) (same); *Livermore v. Watson*, 556 F. Supp. 2d 1112, 1117 (E.D. Cal. 2008) (78 day delay unreasonable); *Hunt v. Felker*, No. 1:07-cv-01281-OWW-TAG HC, 2008 WL 364995, at *4 (E.D. Cal. Feb. 8, 2008) (70 day delay unreasonable); *Bridges v. Runnels*, No. CIV S-03-2338 RRB KJM P, 2007 WL 2695177, at *2 (E.D. Cal. Sept. 11, 2007) (76 day delay unreasonable). As a result,

1   the Court finds the 90-day delay between his second and third state habeas petitions

2   far exceeded the 30 to 60 day period the Supreme Court used as a bench mark in

3   *Evans* and thus, constitutes an unreasonable delay.

4   Therefore, Petitioner is not entitled to statutory tolling for the period during

5   which his last two state habeas petitions were pending, and later denied in the

6   intermediate appellate courts, because the petitions were filed after the new extended

7   statute of limitations period expired on October 8, 2007, and has no tolling

8   consequence.[6]   *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

9   ("[S]ection 2254 does not permit the reinitiation of the limitations period that has

10  ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.

11  2001) (stating that filing of state petition after AEDPA's one-year time period has

12  elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.

13  2000) ("A state-court petition [] that is filed following the expiration of the limitations

14  period cannot toll that period because there is no period remaining to be tolled").

15  Accordingly, the original petition, attachments, Objection, and relevant state

16  court records establish that the original petition, constructively filed on August 12,

17  2008, is untimely by 309 days (the amount of untolled time between the extended

18  limitation deadline (10/08/07) and the original petition's constructive filing date

19  (08/12/08)).   Therefore, the FAP is time-barred absent equitable tolling.

20  **D.   Equitable Tolling**

21  As a prefatory matter, the Court observes there is no clearly established federal

22  law that expressly holds equitable tolling is available under § 2244(d)(1), and the

23  Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S.

24  327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows

25

26

27      [6]   *See Adler (Brent) on H.C.*, No. S162462, Cal. Supreme Ct. (filed Apr. 4,
        2008, denied May 21, 2008); *Adler (Brent) on H.C.*, No. S165211, Cal. Supreme Ct.
28      (filed July 18, 2008, denied Oct. 1, 2008).   (Official records of California courts.)

1   for equitable tolling. [ ] Because the parties agree that equitable tolling is available,
2   we assume without deciding that it is").

3          "Generally, a litigant seeking equitable tolling bears the burden of establishing
4   two elements: (1) that he has been pursuing his rights diligently, and (2) that some
5   extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408,
6   418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would
7   give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The
8   Ninth Circuit has emphasized that determinations of "whether there are grounds for
9   equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146,
10  1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the
11  threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the
12  exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

13         In his Objection, Petitioner principally claims he is entitled to equitable tolling
14  for the same reasons he is entitled to statutory tolling. As noted above, the allegations
15  in the Objections are conclusory and vague. *See Lott v. Mueller*, 304 F.3d 918, 923
16  (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an
17  examination of detailed facts"); *see also Spitsyn*, 345 F.3d at 799 ("[d]etermining
18  whether equitable tolling is warranted is a 'fact-specific inquiry.'") (*citing Frye v.*
19  *Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (holding the lack of access to library
20  material does not automatically qualify as ground for equitable tolling). Petitioner has
21  failed to meet his burden of showing he was reasonably diligent in pursuing federal
22  habeas relief throughout the time that AEDPA's limitation period was running. The
23  record does not adequately explain why Petitioner could not have satisfied the
24  deadline with the "two hours of legal library access one day a week, space permitting"
25  that was given to him. (Objection 1:8-20.) Further, as discussed above, the record
26  shows Petitioner had the required information to re-file his habeas petition from the
27  Fifth Appellate District to the proper venue in the Fourth Appellate District without
28  requiring any additional access to the law library. In light of the absence of detailed

1  facts contained in his Objection, Petitioner has not carried his burden of alleging facts
2  to support the application of equitable tolling. *Miranda*, 292 F.3d at 1066 (the
3  petitioner "bears the burden of showing that this extraordinary exclusion should apply
4  to him.") In any event, the Court notes that restrictions to library access and legal
5  material do not generally qualify as an "extraordinary circumstance" sufficient to
6  equitably toll the statute of limitations for federal habeas petitions. *See Miller v. Marr*,
7  141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library
8  materials and resulting unawareness of the limitation period until it was too late did
9  not warrant equitable tolling); *Wilders v. Runnels*, No. C031478 CRB (PR), 2003 WL
10 22434102, *3 (N.D. Cal. 2003); *Atkins v. Harris*, No. C 98-3188 MJJ (PR), 1999 WL
11 13719, *2 (N.D. Cal. 1999).

12       Prison officials typically provide prison law libraries or legal assistants to
13 ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous
14 legal claims challenging their convictions or conditions of confinement." *Lewis v.*
15 *Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174 (1996).  However, prison officials of
16 necessity must regulate the time, manner and place in which library facilities and legal
17 assistant programs are used. *See Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851,
18 858 (9th Cir. 1985).  Not surprisingly, lockdowns, placement in administrative
19 segregation/solitary confinement, and other common restrictions on access to the law
20 library and legal assistant programs, generally do not qualify as "extraordinary
21 circumstances" for purposes of equitable tolling *Lindo v. Lefever*, 193 F. Supp. 2d
22 659, 663 (E.D.N.Y. 2002).  There is no due process violation so long as an inmate has
23 the basic capability of presenting his claims to the courts, irrespective of the
24 "capability of turning pages in a law library." *Lewis*, 518 U.S. at 356-57.

25       Moreover, even if Petitioner was denied access to the law library at various
26 times and for various reasons during the relevant period, he is not entitled to equitable
27 tolling because he has not shown extraordinary circumstances kept him from filing his
28 Petition in a timely fashion. *See Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001),

*amended on other grounds by Allen v. Lewis*, 295 F.3d 1046 (9th Cir.2002) (en banc) ("the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness"); *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005) (petitioner must show that extraordinary circumstances beyond his control, made it *impossible* to file a petition on time.)

Based upon the foregoing, the Court finds Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the *Pace* elements.

# ORDER

The Court finds the Petition must be dismissed because it is time-barred for the reasons stated above and in the Court's OSC. Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the action with prejudice. Any and all pending motions are terminated.

DATED: January 10 , 2009

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

/s/  ARTHUR NAKAZATO
Arthur Nakazato
United States Magistrate Judge

Page 14